IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CT-03333-M

CHARLES HALLINAN,
JOSEAN KINARD,
GEORGE RIDDICK,
JORGE L. MALDONADO,
WILLIAM BROWN,
TERRANCE FREEMAN,
ANTHONY BUTLER,
DARYL WILLIAMS,
QUAMAIN JACKSON, and
LASALLE WALDRIP, on behalf of
themselves and similarly situated
individuals,

    Plaintiffs,

v.

THOMAS SCARANTINO, Complex
Warden, Federal Correctional Complex
Butner, in his official capacity,
MICHAEL CARVAJAL, Federal Bureau of
Prisons Director, in his official capacity,
JEFFERY ALLEN, Federal Bureau of
Prisons Medical Director, in his official
capacity, and the
FEDERAL BUREAU OF PRISONS,

    Defendants.

ORDER

These matters come before the court on Plaintiffs' Motion to Compel Rule 26(f) Conference [DE 71] and Defendants' Motion for Stay of Discovery pending the resolution of the Plaintiffs' motion for class certification and Defendants' motion to dismiss [DE 74]. The motions are fully briefed. For the reasons that follow, the court denies Plaintiffs' motion to compel a discovery conference and grants Defendants' motion for a temporary stay of discovery.

Rule 26(c) of the Federal Rules of Civil Procedure permits a court, on motion by "[a] party or person from whom discovery is sought[,] . . . [to], for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). "A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." *Drapkin v. Mjalli*, No. 1:19CV175, 2019 WL 9662885, at *1 (M.D.N.C. Aug. 26, 2019) (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 F. App'x 333 (4th Cir.), *cert. denied*, 543 U.S. 819 (2004)). The party moving for the stay bears the burden of demonstrating good cause and reasonableness. *Id.* (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Typically, motions to stay are disfavored because "when discovery is delayed or prolonged it can create case management problems[,]" which may interfere with the court's responsibility to expedite discovery and avoid unnecessary litigation expenses. *See id.*; *see also* Fed. R. Civ. P. 1.

"Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Drapkin*, 2019 WL 9662885, at *1 (quoting *Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008)). Courts should not stay discovery where discovery is still necessary to gather facts to defend against a dispositive motion. *Remy v. Lubbock Nat'l Bank*, No. 5:17-CV-460-FL, 2019 WL 7631113, at *2 (E.D.N.C. Mar. 20, 2019). As the *Simpson* court explained:

> In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding

> with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an *immediate and clear possibility* that it will be granted.

*Drapkin*, 2019 WL 9662885, at *2 (quoting *Simpson*, 121 F.R.D. at 263 (emphasis in original)).

At the outset, the court recognizes that by their refusal to participate in a discovery conference and/or to seek a stay of discovery in this case, Defendants essentially "forced" Plaintiffs to file the present motion to compel. Plaintiffs are correct that the mere filing of a motion to dismiss, even one that may dispose of the case if granted, does not automatically stay the proceedings of a civil case in this district. As set forth above, stays are typically disfavored, and a movant must demonstrate good cause and reasonableness for a stay, even a temporary stay pending resolution of a dispositive motion. Defendants' unilateral determination that a Rule 26(f) conference "would be premature" in this case does not excuse their initial failure to comply with Rule 26(c).

That said, having considered the *Yongo* factors, the court finds that a stay of discovery is warranted in this case. First, it is undisputed that resolution of the motion to dismiss or, in the alternative, for summary judgment in Defendants' favor would result in the complete dismissal of all claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and/or 56. *See* Compl., DE 1; Mot. to Dismiss, DE 30. Second, while the court cannot say without full consideration of Defendants' motion that it has "strong" support, it is supported by a significant number of declarations and exhibits (*see* Table of Contents, DE 33; *see also* DE 30-40) and has been fully briefed by the represented parties. Third, the motion to dismiss tests the legal sufficiency of the Complaint and, even for the summary judgment portion of the motion, neither party contends that discovery is necessary "before the court rules on the motion[]." *Remy*, 2019 WL 7631113, at *2 (citing *Yongo*, 2008 WL 516744, at *2). Moreover, the court agrees that substantial issues are raised by both the

motion to dismiss and motion for class certification, and adjudication of such issues may materially modify the scope of the current claims. Under such circumstances, engaging in discovery with its attendant expenditures of time and costs may be, at least in part, unnecessary and, thus, unduly burdensome at this stage of the litigation.

It is therefore ordered that, for good cause shown, Plaintiffs' motion to compel is DENIED, Defendants' motion to stay is GRANTED, and discovery is STAYED pending resolution of the motion for class certification and motion to dismiss. If appropriate, all parties in the above-captioned matter are DIRECTED to participate in a Fed. R. Civ. P. 26(f) conference no later than twenty-one days after the court rules on the pending motions, and to submit a proposed discovery plan to the court no later than fourteen days after the Rule 26(f) meeting.

SO ORDERED this 11th day of May, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE